IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DARNELL GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-585-WKW [WO] |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING RECOMMENDATION

On November 30, 2010, the Magistrate Judge filed a Recommendation (Doc. # 16) to reverse the decision of the Commissioner of Social Security ("Commissioner") and remand the case to the Commissioner for further proceedings. (Recommendation 20.) The Commissioner has filed an Objection to the Recommendation.[1] (Doc. # 19.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1)(C). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted.

An individual claiming Social Security disability benefits bears the burden to show that he is disabled. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Commissioner uses a five-step process to determine whether a claimant has met the burden of proving his disability. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004);

---

[1] Plaintiff urges the court not to entertain the Commissioner's objection because it was filed more than fourteen days after "being served with a copy of the [recommendation][.]" Fed. R. Civ. P. 72(b)(2); (Resp. 1-2 (Doc. # 20).) Plaintiff's request is denied, as he suffers no prejudice from the court's consideration of the objection.

*see also* 20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner's sole objection concerns the Magistrate Judge's finding with respect to step five of this process.  If the Commissioner finds that a claimant is unable to do "past relevant work," § 404.1520(a)(4)(iv), the Commissioner "consider[s] [its] assessment of [the claimant's] residual functional capacity and [the claimant's] age, education, and work experience to see if [the claimant] can make an adjustment to other work [in the national economy]."  § 404.1520(a)(4)(v); *see also Phillips*, 357 F.3d at 1237-39.  "If [the claimant] can make an adjustment to other work, [the Commissioner] will find that [the claimant is] not disabled."  § 404.1520(a)(4)(v).

In this case, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the case to the Commissioner because the Administrative Law Judge's ("ALJ") "step five finding . . . is not supported by substantial evidence." (Recommendation 19-20.)  The ALJ took testimony from a vocational expert and posed a hypothetical question which the ALJ used "to support his step five conclusion that plaintiff can, consistent with his residual functional capacity, perform 'other jobs' available in the national economy."  (Recommendation 17.)  However, the ALJ's hypothetical did not include Plaintiff's moderate degree of impairment in maintaining concentration, persistence, or pace, which the ALJ found to exist as a result of Plaintiff's severe impairment of Attention Deficit Disorder.  (Recommendation 16-17.)

The Magistrate Judge looked to the unpublished Eleventh Circuit case of *Richter v. Comm'r of Soc. Sec.*, No. 09-12674, 2010 WL 2017650 (11th Cir. May 21, 2010)*,* for guidance.  In *Richter*, the Eleventh Circuit considered substantially the same issue presented

2

to this court: "ALJ did not specifically include in the hypothetical question any limitation regarding [the claimant's] deficiencies in maintaining concentration, persistence, or pace, despite the ALJ's finding that [the claimant] had moderate limitations in this area." *Richter*, 2010 WL 2017650, at *3. The court concluded "that the ALJ's failure to include all of [the claimant's] impairments in his hypothetical question was error . . . . Consequently, the vocational expert's testimony and the ALJ's ultimate finding that [the claimant] was not disabled were unsupported by substantial evidence." *Id.* at *4.

Although the Commissioner points out that *Richter* is unpublished (Obj. 2), and therefore not binding on this court, the court finds it persuasive and adopts its reasoning and its conclusion. As mentioned above, the ALJ found Plaintiff suffered a moderate degree of impairment in concentration, persistence, or pace as a result of his severe impairment of Attention Deficit Disorder. However, in determining that Plaintiff was not disabled and could perform other work in the national economy under step five, the ALJ relied on the testimony of a vocational expert to whom the ALJ posed a hypothetical question which did not account for, either explicitly or implicitly, Plaintiff's moderate degree of impairment in concentration, persistence, or pace. The ALJ's step five finding was unsupported by substantial evidence. *See Richter*, 2010 WL 2017650, at *4.

Accordingly, the Commissioner's Objection (Doc. # 19) is OVERRULED, and the Recommendation of the Magistrate Judge (Doc. # 16) is ADOPTED. The decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

DONE this 19th day of January, 2011.

                                            /s/ W. Keith Watkins  
                                    UNITED STATES DISTRICT JUDGE